Eastern District of Kentucky
FILED
MAY 2 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-117-KSF

MARK DIXON                                                                  PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

NORTHPOINT TRAINING CENTER, ET AL.                 DEFENDANTS

       Mark Dixon, the *pro se* plaintiff who is confined in the Western Kentucky Correctional Complex in Fredonia, Kentucky, has filed a handwritten submission entitled "Motion for Leave of Right to Set Aside §1983 Civil Suit Complaint" [Record No. 9].[1] In the motion, the plaintiff asks the Court to allow him to voluntarily dismiss his §1983 complaint [*Id.*]. The plaintiff states that he wants to pursue his claims in state court. Federal Rule of Civil Procedure 41(a)(1), which governs voluntary dismissals, reads in pertinent part as follows:

> **Rule 41.** Dismissal of Actions
> (A) Voluntary Dismissal: Effect Thereof.
>
>        (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

---

[1] In his complaint, the plaintiff had named the following defendants: (1) the Northpoint Training Center ("NTC") in Burgin, Kentucky; (2) Lieutenant Terry Sutton of the NTC; and (3) Sergeant Steven Simpson of the NTC.

*Id.*

Ordinarily, a district court has no discretion to deny a Rule 41(a)(1) notice of dismissal. *Eddins v. Summers*, 230 F.3d 1358, 2000 WL 1478355 (6th Cir. (Tenn.) Sept. 27, 2000) (unpublished disposition) (citing *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)). Consequently, the plaintiff's voluntary "Motion for Leave of Right to Set Aside §1983 Civil Suit Complaint" [Record No. 9] is **GRANTED**.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

(1) The plaintiff's voluntary "Motion for Leave of Right to Set Aside §1983 Civil Suit Complaint" [Record No. 9] is **GRANTED,** and the plaintiff's claims are dismissed without prejudice.

(2) Judgment shall be entered contemporaneously with this memorandum opinion in favor of the named defendants.

This the 23rd day of May, 2006.

KARL S. FORESTER, SENIOR JUDGE